FILED

2007 DEC 20 PM 4: 33

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL IRGANG )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>TOWN OF GRIFFITH, INDIANA; )<br>KARL GRIMMER, )<br>individually and in his official capacity )<br>as Chief of Police; Sgt. N. RENTAS, )<br>individually and in his official capacity )<br>as a police officer for the GRIFFITH )<br>POLICE DEPARTMENT; )<br>COUNTY OF LAKE, INDIANA; )<br>CAREN JONES, individually )<br>and in her official capacity as Warden of the )<br>LAKE COUNTY JAIL )<br>       DEFENDANTS. ) | CIVIL NO.: 2:07CV 457 RL |

## COMPLAINT

### A. Preliminary Statement

1. On January 12, 2006, officer N. Rentas arrested the plaintiff, Michael Irgang, for alleged indecent exposure to a neighbor. The plaintiff contends that the arrest, and subsequent detention in the Lake County Jail until February 6, 2006, was unreasonable, without probable cause, and without statutory authority, in violation of the fourth and fourteenth amendments to the U.S. Constitution as well as Indiana law.

1

### B. Jurisdiction

2. Because the plaintiff alleges a violation of the fourth and fourteenth amendments to the U.S. Constitution and states a cause of action under 42 U.S.C. § 1983, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, the court has supplemental jurisdiction to hear state law claims pursuant to 28 U.S.C. § 1367.

### C. Parties

3. Michael Irgang is an adult citizen of the United States and a resident of the City of Gary, Lake County, Indiana.

4. The Town of Griffith is a municipality under Indiana law and operates the Griffith City Police Department under the direction of the Chief of Police. It is responsible for the challenged actions of the defendant police officer who acted in accordance with City and/or Police Department policy in taking the actions challenged in this case.

5. The Lake County Jail, under the direction of the Warden, Caren Jones is a division of the County of Lake Sheriff's Department, the County of Lake being a municipality under Indiana law, and is responsible for the challenged actions of the defendant police officer who was acting in accordance with Sheriff Department policy in taking the actions challenged in this case.

### D. Factual Allegations

6. On January 12, 2006, Officer Rentas ("Rentas") came to Michael Irgang's ("Irgang") residence in Griffith, Indiana. Rentas accused Irgang of exposing his genitalia to Andrea Karlbrunner-Hoch, a neighbor in Irgang's apartment complex who made the complaint. Irgang denied the allegations. Rentas then arrested Irgang without an arrest warrant,

without probable cause and without statutory authority to do so. See Indiana Code 25-33-1-1 et seq.

7. Irgang was arrested by Officer Rentas without a warrant and on the unreasonable assumption of indecent exposure at approximately 10:30 p.m., January 12, 2006. Irgnang was initially taken to the Griffith City Police Station where he was processed and then transported to the Lake County Jail in Crown Point, Indiana. Officer Rentas breached his duty to uphold state law and not arrest an individual for a misdemeanor without a warrant when he, the officer was not present.

8. Irgang was not brought before a judge for his alleged crime until January 18, 2006, six days after he was arrested. This delay was an unreasonable seizure by the County of Lake and its jail under the direction of Warden Jones. The Warden breached her duty by failing to train and supervise jail personnel in processing the arraignment of Irgang.

9. Irgang was released from jail, after twenty-five days of incarceration, on February 6, 2006, on a six month deferral of charges.

10. Lake Count Superior Court dismissed the case against Irgang on August 9, 2006 because Irgang was in compliance with the court's orders.

11. Irgang filed a timely Notice of Tort claim on May 4, 2006, pursuant to I.C. § 34-13-3 et seq.

12. The challenged actions of the defendants, were intentional and taken in reckless disregard of the plaintiff's constitutional rights protected by 42 U.S.C § 1983. As a result of the defendants' actions, the plaintiff incurred attorney fees, and suffered loss of time and freedom, emotional and mental distress, humiliation and embarrassment.

### E. Legal Claims

13.     The challenged actions of the defendants violate the fourth and fourteenth amendments to the U.S. Constitution and 42 U.S.C. § 1983, the Indiana Constitution, Art. I. §§ 11 and 12, Indiana Code 35-33-1-1, and resulted in false imprisonment of the plaintiff, Michael Irgang.

### F. Prayer for Relief

Wherefore, the plaintiff requests the following relief:

a.   a declaration that the defendants' challenged actions violate the rights asserted in paragraph 13 above;

b.   compensatory damages against the defendants, and punitive damages against the defendant police officers in their individual capacity, in an amount to be determined at trial;

c.   costs, including a reasonable attorney fee, pursuant to 42 U.S.C. § 1988; and

d.   pursuant to Rule 54(c), FRCP, all other relief to which the plaintiff is entitled.

e.

### G. Jury Demand

Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands trial by jury.

Dated: 12/19/07

Respectfully Submitted

_____
RICHARD P. BUSSE
Attorney for Plaintiff
Attorney No. 21293-64
ARNOLD & BUSSE, LLP
Seven Napoleon Street
Valparaiso, IN 46383
(219) 464-1162