**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| MICHAEL IRGANG, | ) | |
|         Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:07-CV-437-PRC |
| | ) | |
| TOWN OF GRIFFITH, INDIANA, et al., | ) | |
|         Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Kurowski's Motion for Summary Judgment [DE 61], filed by Defendant Steven A. Kurowski on April 1, 2009. Because Mr. Kurowski was not acting under color of state law and because Plaintiff Michael Irgang did not file a Tort Claim Notice as to Mr. Kurowski, summary judgment in favor of Mr. Kurowski on Mr. Irgang's federal and state claims is appropriate.

**PROCEDURAL BACKGROUND**

Mr. Irgang filed his Complaint on December 20, 2007, and filed an Amended Complaint on January 18, 2008. The allegations against Mr. Kurowski in the Amended Complaint are that "Steven A. Kurowski is a public defender in Lake County Indiana. He represented the plaintiff in his initial hearing and failed to raise the issue of false arrest at the hearing." Def. Br., Exh. A. Mr. Irgang's "Legal Claim" against all defendants is that "[t]he challenged actions of the defendants violate the fourth and fourteenth amendments to the U.S. Constitution and 42 U.S.C. § 1983, the Indiana Constitution, Art. I. §§ 11 and 12, Indiana Code 35-33-1-1, and resulted in false imprisonment of the plaintiff, Michael Irgang." *Id*. Mr. Kurowski filed an Answer on February 17, 2008, and filed an Amended Answer on September 30, 2008. Mr. Kurowski filed his Motion for Summary Judgment on April 1, 2009. Plaintiff Michael Irgang has not filed a response, and the time

to do so has passed. Pursuant to Court Order, on May 28, 2009, Mr. Kurowski filed a Status Report and indicated that he has not settled with Mr. Irgang and that he is not currently in settlement negotiations with Mr. Irgang.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The

moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.  When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990).  However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists.  *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.  *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994).  Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party.  *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact.  *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## MATERIAL FACTS

Northern District of Indiana Local Rule 56.1 requires the moving party to file with the Court a "Statement of Material Facts" supported by appropriate citations to admissible evidence "to which the moving party contends there is no genuine issue."  N.D. Ind. L.R. 56.1(a).  In response, the opposing party is obligated to file with the Court a "Statement of Genuine Issues" supported by appropriate citation to admissible evidence to which "it is contended there exists a genuine issue necessary to be litigated."  *Id*.  Furthermore, "[i]n determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion . . . ."  L.R. 56.1(b); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").  In this case, Mr. Kurowski has submitted a Statement of Material Facts with appropriate citations to supporting evidence.  However, Mr. Irgang has not submitted a response brief, much less a Statement of Genuine Issues; therefore, the following facts asserted by Mr.

Kurowski and supported by admissible evidence are considered to exist without controversy for the purposes of this Motion for Summary Judgment.

On January 12, 2006, Mr. Irgang was arrested in Griffith, Indiana, for alleged indecent exposure to a neighbor. The arresting officer did not witness the incident and arrested Mr. Irgang without a warrant, which Mr. Irgang claims violated Indiana Code 25-33-1-1 for lack of probable cause.

On January 18, 2006, an initial hearing in Mr. Irgang's case was conducted in Lake Superior Court, County Division II, in Crown Point, Indiana. Mr. Kurowski, a public defender employed by Lake County, appeared for Mr. Irgang at the initial hearing. At that time, Mr. Kurowski entered a not-guilty plea to the misdemeanor, requested discovery, waived formal arraignment, requested a date for an Omnibus hearing, and presented arguments for the reduction of Mr. Irgang's appearance bond. The issue of Mr. Irgang's alleged improper arrest was not addressed at the initial hearing.

On February 6, 2006, Mr. Irgang and the State entered into a plea agreement which deferred the charge for six months, and Mr. Irgang was released. Mr. Irgang was represented by Mr. Kurowski with regard to the plea agreement. On August 9, 2006, the charges against Mr. Irgang were dismissed as a result of his compliance with the terms of the plea agreement. Mr. Kurowski had no communication with Mr. Irgang either before or after the Court proceedings and had no communication with his civil co-defendants about this case until this case was filed.

In response to Mr. Kurowski's Interrogatories served in this case, Mr. Irgang indicated that he is bringing a state law negligence claim against Mr. Kurowski for legal malpractice. Mr. Irgang also stated that he was claiming that Mr. Kurowski was acting within the scope and course of his

5

employment as Mr. Irgang's lawyer. In his Interrogatory answer, Mr. Irgang also stated that he did not file a Notice of Tort Claim before bringing this action against Mr. Kurowski.

## ANALYSIS

Mr. Kurowski seeks summary judgment in his favor on the claims against him in Mr. Irgang's Complaint. Because Mr. Irgang has not filed a response in opposition to the Motion for Summary Judgment, the motion is subject to summary ruling. *See* N.D. Ind. L.R. 7.1(a) ("Failure to respond or reply within the time prescribed may subject the motion to summary ruling."). As set forth below, the Court finds that there are no genuine issues of material fact as to any of Mr. Irgang's claims against Mr. Kurowski and that summary judgment in favor of Mr. Kurowski is appropriate as a matter of law.

### A. Federal Claims

To sustain a claim brought under 42 U.S.C. § 1983, Mr. Irgang must establish that Mr. Kurowski was acting under color of state law. *See Burrell v. City of Matoon*, 378 F.3d 642, 646-47 (7th Cir. 2004). The United States Supreme Court has held that a public defender is not acting under color of state law when the alleged improper conduct involves legal advice and representation of the civil plaintiff in the criminal proceeding. *See Polk County v. Russell Dodson*, 454 U.S. 312, 324-25 (1981); *see also Myles v. Laterzo*, No. 2:08-CV-202, 2009 WL 1437574, *7 (N.D. Ind. May 20, 2009) (citing *Polk County*).

In this case, Mr. Irgang claims that his Fourth and Fourteenth Amendment rights were violated by Mr. Kurowski's failure to have the charges against him dismissed at Mr. Irgang's initial court hearing. There is no factual dispute that Mr. Irgang's § 1983 claim is grounded in Mr. Kurowski's legal representation of Mr. Irgang. Therefore, because Mr. Kurowski was not acting

under color of state law in his capacity as Mr. Kurowski's public defender, Mr. Irgang cannot sustain his § 1983 claims against Mr. Kurowski, and summary judgment in favor of Mr. Kurowski on Mr. Irgang's federal claims is appropriate.

### B.  State Claims

Mr. Irgang's failure to file a Notice of Tort Claim against Mr. Kurowski for his alleged legal malpractice is fatal to his state claim of legal malpractice against Mr. Kurowski.  Because Mr. Kurowski was acting as Mr. Irgang's public defender, Mr. Irgang was required to file a Notice of Tort Claim with Lake County within 180 days of the incident pursuant to the Indiana Code, which requires:

> (a) Except as provided in section 9 of this chapter, a claim against a political subdivision is barred unless notice is filed with:
> (1) the governing body of that political subdivision; and
> (2) the Indiana political subdivision risk management commission created under IC 27-1-29;
> within one hundred eighty (180) days after the loss occurs.

Ind. Code § 34-13-3-8(a).  Lake County, Indiana, is a political subdivision under Indiana law.  *See* Ind. Code § 34-6-2-110(1) (identifying a "county" as a "political subdivision" for the purposes of Indiana Code § 34-13-3).  Mr. Kurowski is considered to have been an employee of Lake County during his representation of Mr. Irgang.  *See* Ind. Code § 34-6-2-38(b) ("The term ['employee' and 'public employee'] also includes attorneys at law whether employed by the governmental entity as employees or independent contractors . . . .").  Although Mr. Kurowski was acting as Mr. Irgang's lawyer, he was doing so within the scope of his employment with Lake County, as admitted to by Mr. Irgang in his Interrogatory answers.

Therefore, Mr. Irgang has in effect sued Lake County, Indiana, which requires the filing of a Notice of Tort Claim.  *See* Ind. Code § 34-13-3-5(a) ("[A member of a board, a committee, a

7

commission, an authority, or another instrumentality of a governmental entity may not be named as a party in a civil suit that concerns the acts taken by a board, a committee, a commission, an authority, or another instrumentality of a governmental entity where the member was acting within the scope of the member's employment."); Ind. Code § 34-13-3-5(b) ("A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally."); *see also Wright v. Elston*, 701 N.E.2d 1227, 1233 (Ind. Ct. App. 1998) (noting amendment to the Indiana Tort Claims Act to include in the definition of an "employee" attorneys at law who are employed by the governmental entity as independent contractors and then affirming the trial court ruling that plaintiff's claim against a public defender acting within the scope of his employment was barred for failure to give notice under the Indiana Tort Claims Act). Accordingly, Mr. Irgang cannot prevail on his state law claim against Mr. Kurowski, and the Court grants summary judgment in favor of Mr. Kurowski.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Kurowski's Motion for Summary Judgment [DE 61]. Finding no just cause for delay, the Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Steven Kurowski only against Plaintiff Michael Irgang.

The Court **VACATES** all pretrial and trial settings as to Mr. Kurowski only.

SO ORDERED this 5th day of June, 2009.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc:   All counsel of record